IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE LAMAR CO., L.L.C., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-00291-KD-M |
| ) | |
| CITY OF DAPHNE, ALABAMA, *et al*., ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on the parties' request for a Consent Decree.

In <u>United States v. Armour & Co</u>., 402 U.S. 673, 681-682 (1971), the Supreme Court set forth the standard of review for a proposed consent decree prior to entry, stating that:

> Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation. Thus the decree itself cannot be said to have a purpose; rather the parties have purposes, generally opposed to each other, and the resultant decree embodies as much of those opposing purposes as the respective parties have the bargaining power and skill to achieve.

<u>See</u> also <u>e.g</u>., <u>U.S. v. DeKalb Cty., Ga</u>., 2011 WL 6402203, *9-10 (N.D. Ga. Dec. 20, 2011) (discussing the standard). Additionally, a consent decree is used when and "where the parties … seek the imprimatur of judicial approval." <u>Sierra Club v. Coca-Cola Corp</u>., 673 F. Supp. 1555, 1556 (M.D. Fla. 1987). However, such imprimatur of judicial approval is not granted lightly, or simply upon request, even when all the parties are in agreement. <u>See</u>, <u>e.g</u>., <u>Stovall v. City of Cocoa, Fla</u>., 117 F.3d 1238, 1242-1243 (11th Cir. 1997) ("just because the settlement agreement was binding upon the parties does not mean it was binding on the district court …

[e]ven if all of the litigants were in accord, it does not follow that the federal court must do their bidding ... The entry of a consent decree is more than a matter of agreement among litigants. It is a judicial act[]") (citations omitted).  Moreover, as a logical threshold matter, a court must determine whether, under the circumstances, entry of a consent decree is the proper vehicle to dispose of a case (*i.e.*, whether the "judicial stamp" is necessary).

Upon consideration, the Court finds that a consent decree is not appropriate in this case. First, the terms of the proposed consent decree addresses sign applications which are neither before the Court nor at issue in this case.  Second, consent decrees are typically entered to proscribe future conduct/duties/obligations and/or monitor/regulate such conduct and thus invariably seek to secure *continuing* supervision, oversight, and enforcement of their terms by a court.  Continuing supervision is not sought or necessary in this case.  Thus, there is no ascertainable need for the Court's involvement in the parties' settlement, now or in the future. As such, a Rule 41 dismissal with prejudice, based *on the fact* of the settlement, is the proper vehicle with which to dispose of this case.[1]

**DONE** and **ORDERED** this the **11th** day of **March 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

1 If no Rule 41 request for dismissal is filed by **March 21, 2014**, this case will be reinstated on the Court's trial calendar.